**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORTHWESTERN GRADUATE WORKERS FOR PALESTINE (GW4P), IFEAYIN EZIAMAKA OGBULI (INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED), AND MARWA TAHBOUB (INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED), <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, <br><br> Defendant. | Case No. 1:25-cv-12614 <br><br> Honorable Georgia N. Alexakis |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Northwestern University ("Northwestern" or the "University"), by and through its undersigned counsel, hereby move to dismiss all counts (Counts I-V) of Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and (1) for the reasons set forth in the accompanying Memorandum of Law.

1. Plaintiffs Graduate Workers for Palestine ("GW4P"), Ifeayin Eziamaka Ogbuli ("Ogbuli"), and Marwa Tahboub ("Tahboub") (collectively, "Plaintiffs") filed their Complaint ("Complaint") on October 15, 2025. (Dkt. No. 1.)

2. Plaintiffs' Complaint asserts five counts: (1) race discrimination in violation of 42 U.S.C. § 1981 ("§ 1981"); (2) race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S. § 2000d ("Title VI"), (3) retaliation in violation of § 1981; (4) retaliation

in violation of Title VI; and (5) violation of Illinois Worker Freedom of Speech Act, 820 ILCS 57 ("IWFSA"). (Dkt. No. 1). All counts fail to state cognizable claims. Additionally, this Court lacks jurisdiction over GW4P's claims.

3. Plaintiffs' § 1981 and Title VI race discrimination claims (Count I and II, respectively) should be dismissed because Plaintiffs fail to allege facts showing intentional race, ethnicity, or national origin discrimination. The Complaint does not identify any direct or circumstantial evidence of animus based on protected class; does not establish that Plaintiff's Graduate Workers For Palestine (GW4P) and Plaintiff Ogbuli belong to a protected class; and does not allege that similarly-situated students outside their alleged protected class were treated more favorably. Instead, the allegations attempt to recast a disagreement over educational content and viewpoint into claims under statutes that prohibit international discrimination. Title VI and § 1981 do not regulate academic decisions or expressive content. Plaintiffs' allegations, even accepted as true, describe ideological disagreement, not actionable discrimination. Therefore, Counts I and II should be dismissed as to all Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6).

4. Plaintiffs' retaliation claims under § 1981 and Title VI (Counts III and IV, respectively) fail because Plaintiffs do not plead a causal link between any protected activity and the adverse action alleged. The only consequence identified, a registration hold, was applied uniformly to all students who did not complete the training, regardless of race, ethnicity, national origin, or even viewpoint. There is no allegation that Northwestern selectively enforced its policy or acted because of Plaintiffs' opposition to the training. Therefore, Counts III and IV should be dismissed as to all Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6).

1

5. Plaintiffs' IWFSA claim (Count V) should also be dismissed because as alleged in the Complaint, the training at issue was student training, not workplace training. The IWFSA only applies to workplace training so the law is not applicable. Even if the statute applied, the training falls squarely within the IWFSA's exception for communications intended to promote civility, respect, and non-harassment. Therefore, Count V should be dismissed as to all Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6).

6. Lastly, Plaintiff GW4P lacks standing to sue. The Complaint does not allege facts establishing organizational or associational standing, and the allegations center on ideological alignment rather than protected characteristics. Without standing, this Court lacks subject matter jurisdiction over all of GW4P's claims under Rule 12(b)(1).

7. Defendant moves to dismiss all counts (Counts I-V) of Plaintiffs' Complaint for all of the above-stated reasons, and for the reasons stated in its Memorandum of Law in support of this Motion, which is incorporated in this Motion as if fully restated herein.

WHEREFORE, for all the reasons stated herein, as well as in Defendants' accompanying Memorandum of Law in support of this Motion, Northwestern respectfully requests that the Court grant this Motion and dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and (1).

Dated: November 19, 2025

Respectfully submitted,

**NORTHWESTERN UNIVERSITY**

By:    /s/ Monica H. Khetarpal
       One of Their Attorneys

Monica H. Khetarpal
Carol R. Ashley
Jacqueline M. Brown

3

                        Jackson Lewis P.C.
                        150 North Michigan Avenue, Suite 2500
                        Chicago, IL 60601
                        Tel.: 312.787.4949
                        Monica.Khetarpal@jacksonlewis.com
                        Carol.Ashley@Jacksonlewis.com
                        Jacqueline.Brown@jacksonlewis.com

                        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Monica H. Khetarpal, an attorney, certify that on November 19, 2025, I caused a true and correct copy of the attached *Defendants' Motion to Dismiss Plaintiffs' Complaint* to be served to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served on all attorneys of record registered with the Court's ECF/CM system.

                                                              */s/ Monica H. Khetarpal*
                                                              One of Defendants' Attorneys